**Lenora JOHNSON, Plaintiff,**

v.

**COUNTY OF COOK, a Body Politic and Corporate, Michael F. Sheahan, Sheriff of Cook County, Local Union No. 714— The International Brotherhood of Teamsters and Jean Jackson, Defendants.**

**No. 94 C 1922.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 6, 1994.

Stephen Pruter, Heller & Richmond, Ltd., Susan J. Notarius, Chicago, IL, for plaintiff.

John Justin Murphy, Attorney General's Office, Rohit Sahgal, Cook County State's Atty., Chicago, IL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendants County of Cook and Michael F. Sheahan's Motion for Summary Judgment.

### I. *BACKGROUND*

Plaintiff Lenora Johnson, a correctional officer with the Cook County Department of Corrections ("DOC"), brings a five-count Amended Verified Complaint ("Complaint") against defendants County of Cook, a body politic and corporate; Michael F. Sheahan, Sheriff of Cook County; Local Union No. 714—The International Brotherhood of Teamsters; and Jean Jackson. Defendants Cook County and Sheahan have moved for summary judgment on Counts I (employment discrimination) and III (retaliatory discharge). Since the filing of the motion, plaintiff voluntarily dismissed Count III. The court will therefore deny the motion as moot in part to reflect that the motion partially attacks a dismissed count. This opinion resolves the motion as regards Count I.

Count I is brought for lost wages and other injuries caused by the county, the union and the sheriff's alleged employment discrimination against plaintiff because of her sex, in violation of Title VII.[1] Plaintiff alleg-

---

1. Count II is against the union, alleging breach of duty of fair representation in that the union arbitrarily and in bad faith refused to investigate and process plaintiff's harassment complaints.

es that agents and employees of those three defendants subjected her to sexual harassment and insulting remarks about her inability to perform adequately because of her sex. Count I also alleges that defendants fired her for patently false reasons, an allegation that may be less than a complete picture, since at the time of the Complaint plaintiff may have been suspended but not yet terminated, although termination seemed to be a distinct possibility.[2]

Regarding Count I, defendants raise the argument that plaintiff has failed to exhaust administrative remedies because she did not name Cook County or Sheahan in her administrative charge. 42 U.S.C. § 2000e–5(f)(1). The charge formally named only the Cook County Department of Corrections. (Motion for Summary Judgment Ex. F.)

## II. *DISCUSSION*

"[O]rdinarily a party not named in an EEOC charge may not be sued under Title VII." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). There are exceptions, however, chief among them "where the party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* Given that EEOC complainants often operate with a layman's understanding of pleading and jurisdiction, charges are to be "construed with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined." *Id.* at 906 (footnote omitted).

The court begins by noting that the only charge it is considering specifically is the first, February 3, 1992, charge. There are two later charges attached to the Motion for Summary Judgment, but only the February 3, 1992, charge is referenced in Count I of the Complaint. Since the court ultimately decides that this charge allows plaintiff to proceed against the moving defendants, plaintiff is not prejudiced by the court's only looking at this charge. *See id.* at 905 n. 29.

Defendants' argument depends upon distinctions between the DOC, the sheriff and the county. The court looks at the sheriff and county's arguments separately, and then examines one final consideration applicable to both.

### A. *County of Cook*

■ Defendants argue that Cook County is "a separate and distinct entity" from the DOC. (Defendants [sic] Reply Brief at 3.) But correspondence from the DOC to plaintiff concerning her employment has the county seal above the words "Cook County Department of Corrections." (*See, e.g.,* Motion for Summary Judgment Ex. B.) Two "separate and distinct" entities would probably not hold themselves out this way. Because of the respective dates of the correspondence in the record and the EEOC charge, there is no indication defendant relied on the correspondence in making the decision to name only the DOC. The court's point, rather, is that it is unlikely that it is the practice of the DOC to put on its letterhead the seal of an organization with which it considers itself to have absolutely nothing to do.

Furthermore, it is natural for plaintiff to assume some connection between the entities. The court does not think laymen would

---

Count IV alleges battery in that some fellow officers struck plaintiff. Count V alleges intentional infliction of emotional distress flowing from the abusive remarks alleged in the Complaint.

2. The moving defendants filed a Local Rule 12M statement that asserted it was an uncontested material fact that whether plaintiff would be terminated would not be determined until after a Cook County Sheriff's Merit Board hearing on August 16, 1994. Plaintiff filed no response to defendants' Rule 12M statement, and so under

normal circumstances the Rule 12M statement would be taken as true. Local Rule 12N(3).

Here, however, all the controversy over whether plaintiff had been terminated was pinned to defendants' Count III argument. Count III, as explained above, is voluntarily dismissed. It was perfectly reasonable, therefore, for plaintiff not to respond to defendants' Rule 12M statement, since the alleged uncontested facts were all irrelevant to the remaining issue on Count I: the scope of the administrative grievance.

be unreasonable in assuming some level of connection between Cook County and the Cook County Department of Corrections. To hold plaintiff to understanding the fine-tuned distinctions defendant draws would be to apply an overly formalistic approach that would disserve the intended ends of Title VII. In short, by naming the Cook County DOC, plaintiff sufficiently alluded to Cook County.

### B. *Sheriff of Cook County*

■ The court is equally unwilling to absolve the sheriff of liability on this basis. It is the Sheriff of Cook County who initiates termination proceedings (*see* Motion for Summary Judgment Ex. D & E), making it unlikely that when the DOC receives an administrative employment complaint that the sheriff's office is not notified; and to the extent a blind eye is turned so that a motion such as this can be filed, that practice will not be encouraged here. In turn, the sheriff is represented here by the same attorney as Cook County, giving credence to the conclusion that the DOC, the sheriff and the county for these unique purposes can be thought of as the same entity, or at least that it was reasonable of plaintiff to think so.[3] Finally, the DOC is an "organizational subunit" of the sheriff's office. *See Mayes v. Elrod*, 470 F.Supp. 1188, 1191 (N.D.Ill.1979). The sheriff therefore cannot completely disassociate himself from the DOC.

### C. *Absence of Alternative Remedy*

■ One final consideration is that if defendants win this argument, plaintiff is left without a remedy. The DOC is not a suable entity, the Seventh Circuit has made clear. *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir.1993). Therefore, if the court were to hold that only the DOC may be sued, it would leave plaintiff with no Title VII remedy. Such a result would "frustrat[e] ... the goals of Title VII." *Eggleston*, 657 F.2d at 905.

---

3. The court distinguishes both the Seventh Circuit's decision in *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126–27 (7th Cir.1989), and its own decision in *Bright v. Roadway Services, Inc.*, 846 F.Supp. 693, 696–98 (N.D.Ill.1994), by

As far as its attack on Count I, defendants' Motion for Summary Judgment is denied.

### *CONCLUSION*

Defendants County of Cook and Michael F. Sheahan's Motion for Summary Judgment is denied as moot in part and denied in part.

noting that the relationship of a parent and subsidiary, at issue in those cases, is not perfectly analogous to the government structure at issue here.