**Richard T. KOPEC, Plaintiff,**

v.

**The CITY OF ELMHURST, a municipal corporation; and The Board of Fire and Police Commissioners of the City of Elmhurst, Defendants.**

**No. 96 C 2585.**

United States District Court, N.D. Illinois, Eastern Division.

April 17, 1997.

---

1. Opinion at 30 contained a typographical error that mistakenly listed *Gallagher* as a Ninth Circuit case.

Paul V. Esposito, Chicago, IL, for Richard T. Kopec.

John H. Brechin, Itasca, IL, for Board of Fire & Police Commissioners.

Jeffrey B. Huebsch, Kubiesa, Power & Cronin, Ltd., Oakbrook Terrace, IL, for City of Elmhurst.

*MEMORANDUM OPINION AND ORDER*

MORTON DENLOW, United States
Magistrate Judge.

Defendant, Board of Fire and Police Commissioners of the City of Elmhurst ("Board"), moves to dismiss Plaintiff's Amended Complaint on the basis that Plaintiff's Amended Complaint naming the Board is time barred under the Age Discrimination in Employment Act of 1978, 29 U.S.C. § 626(d) and § 633(b). The Board raises two issues. First, the Board claims Plaintiff's charge of discrimination filed against it on August 12, 1996, with the Equal Employment Opportunity Commission ("EEOC") is time barred pursuant to 29 U.S.C. § 626(d) because it was filed more than 300 days after the alleged unlawful practice occurred. Second, the Board argues that Plaintiff's Amended Complaint naming the Board was filed less than 60 days after Plaintiff filed its EEOC charge against the Board, and is time barred pursuant to 29 U.S.C. § 633(b). For the reasons set forth below, the Court denies the Board's Motion to Dismiss.

## I. BACKGROUND FACTS

On April 30, 1996, Plaintiff, Richard Kopec, filed a complaint against the City of Elmhurst ("City") alleging that the City discriminated against him based on his age under the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff claims that this alleged discrimination occurred on September 6, 1995, when the City refused to hire him as a full time police officer (Amended Complaint, ¶ 21). On October 12, 1995, Plaintiff appeared at the EEOC and filed a charge of discrimination against the City (Affidavit of Richard T. Kopec ("Kopec Aff."), ¶ 3). At that time, Plaintiff did not name the Board in its EEOC charge (Kopec Aff., ¶ 3).

On January 29, 1996, the EEOC issued Plaintiff a right to sue letter against the City (Kopec Aff, ¶ 11, Ex. 3).

Sometime after receiving the right to sue letter, Plaintiff discovered that the Board was a necessary defendant because of its substantial involvement in the City's hiring decisions (Kopec Aff., ¶ 4). Plaintiff then filed an additional charge with the EEOC on August 12, 1996, naming the Board as a defendant (Kopec Aff., ¶ 14). The EEOC issued a right to sue letter against the Board on August 29, 1996 (Kopec Aff, ¶ 16–17). On September 6, 1996, Plaintiff filed a Motion for Leave to File an Amended Complaint naming the Board. This Court granted Plaintiff's Motion on November 14, 1996, and Plaintiff filed the Amended Complaint that day.

The Board now moves to dismiss Plaintiff's Amended Complaint on the grounds that (1) Plaintiff improperly filed a charge of discrimination against the Board more than 300 days after the alleged unlawful practice occurred pursuant to 29 U.S.C. § 626(d), and (2) Plaintiff's Amended Complaint naming the Board was filed less than 60 days after a charge of unlawful discrimination was filed with the EEOC against the Board in violation of 29 U.S.C. § 633(b).

## II. STANDARD OF REVIEW [1]

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

---

[1] The Court does not consider the Board's Motion to Dismiss as a Rule 12(b)(1) motion or a 12(b)(6) motion. Although Rule 12(b)(6) focuses on the four corners of the complaint, the Court must consider the accusations made in the EEOC charges as well as the EEOC investigation when determining whether a plaintiff has satisfied the statutory limitation precedent to filing suit. *Otterbacher v. Northwestern Univ.,* 838 F.Supp. 1256, 1259 n. 1 (N.D.Ill.1993) *citing Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir.1983). The Court therefore accepts the affidavits, as well as the EEOC charges attached to the Complaint and Amended Complaint, and accordingly treats the Board's Motion to Dismiss as one for summary judgment under Rule 56. *A. Cherney Disposal Co. & O.Z. Miller, Ltd. v. Chicago & Suburban Refuse Disposal Ass'n,* 484 F.2d 751, 752 n. 1 (7th Cir.1974); *EEOC v. Park Ridge Pub. Library,* 856 F.Supp. 477, 480 (N.D.Ill. 1994).

When reviewing the record on summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmovant. *Hill v. Burrell Communications Group, Inc.*, 67 F.3d 665, 667 (7th Cir.1995). To avert summary judgment, however, plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, (1986). A dispute about a material fact is genuine only if the evidence presented is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A summary judgment proceeding is not a vehicle for the resolution of factual disputes; it is designed to determine whether there is any material dispute of fact that requires a trial. *Id.* If no reasonable jury could find for the party opposing the motion, it must be granted. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

### III. DISCUSSION

### A. Plaintiff's Failure to File Within 300 Days of Alleged Unlawful Conduct

Plaintiff failed to file a charge against the Board with the EEOC within 300 days of the alleged unlawful discrimination as generally required by 29 U.S.C. § 626(d). Plaintiff failed to name the Board at the same time it named the City in its original discrimination charge (Kopec Aff., Ex. 1). Before precluding Plaintiff's suit against the Board, the Court must determine whether Plaintiff had sufficient reason for failing to name the Board within the 300 day statutory period. *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 605 (7th Cir.), *cert. denied*, 506 U.S. 916, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992).

■ In general, a party not named in an EEOC charge may not be sued under the ADEA. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989). Although identifying individuals or entities in a charge of discrimination is a prerequisite to filing suit, it is not a jurisdictional requirement, but rather a statute of limitations. *Id.* It is well settled that the limitations period of the ADEA is not absolute, but subject to equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir.1994). Two separate kinds of equitable modification apply to ADEA claims: equitable tolling and adequate notice exception. *Hamilton*, 964 F.2d at 605.

### 1. The Equitable Tolling Exception

■ The equitable tolling modification "permits a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, the plaintiff is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990). This modification "focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir.1986). However, equitable tolling should not be invoked if the plaintiff does not need extra time and application of the doctrine would deprive the defendant of the protection of the statute of limitations. *Hamilton*, 964 F.2d at 605.

■ Plaintiff's reliance on the equitable tolling modification is misplaced because Plaintiff had the vital information bearing on his claim under the ADEA. To determine whether a plaintiff in fact lacked vital information, the Court asks whether a reasonable person in the plaintiff's position would have been aware that he had been discriminated against in possible violation of the ADEA. *Chakonas*, 42 F.3d at 1135. If a reasonable person would have been aware, but the Plaintiff was not, equitable tolling is improper. *Id.* However, as soon as Kopec discovered that he was not hired as a full time police officer because of his age, he had the vital information bearing on the existence of his ADEA claim. *Id.* Kopec had this vital information necessary to file a claim under the ADEA as early as October 12, 1995, well before the statutory period. (Kopec Aff. ¶ 3). Therefore, equitable tolling is inappropriate.

## 2. The Adequate Notice Exception

Plaintiff properly relies upon the adequate notice exception to the requirement that a litigant be named in an EEOC charge before bringing suit. This adequate notice exception arises where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." [2] *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 ( 1982); *accord Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir.1991); *EEOC v. Vucitech*, 842 F.2d 936, 944 (7th Cir.1988). The purpose of this exception is to prevent frustration of the goals of anti-discrimination suits by not requiring procedural exactness in stating the charges. *Eggleston*, 657 F.2d at 905. Complainants frequently file EEOC charges without the assistance of counsel and are not well versed either in the technicalities of pleading or the jurisdictional elements of the ADEA. *Id.* at 906. Complainants are also not expected to file EEOC charges which "specifically articulate in precise terms, a narrow legal wrong which they have suffered, rather EEOC charges are typically detailed in lay person's terms." *Id.* Additionally, Congress did not intend that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate and distinct entity which may have committed the unlawful discrimination. *Id.* Given the ADEA's remedial purposes, courts construe EEOC charges with "utmost liberality," and parties sufficiently named or alluded to in the factual statement of the EEOC charge are to be joined.[3] *Id.* at 906.

The ADEA requires potential plaintiffs to file a complaint with the EEOC within 300 days of the alleged discriminatory conduct. 29 U.S.C. § 626(d); *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 603 (7th Cir.), *cert. denied*, 506 U.S. 916, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992). The 300 day limitations period is designed to "protect employers from the burden of defending claims arising from employment decisions that are long past." *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir.1990) *citing Delaware State College v. Ricks*, 449 U.S. 250, 256–57, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980). However, viewing the facts in the light most favorable to the Plaintiff, the Board had early notice of the charge sufficient to enable Plaintiff to name the Board as a defendant in this lawsuit. The Court finds that the Plaintiff's failure to file a timely charge against the Board falls into the exception to the requirement that defendants be first named in the EEOC charge.

### a. The Board Received Adequate Notice

The Plaintiff provided the Board with adequate notice of the charge. Because the Board is an official commission of the City, the Board was provided with adequate notice of the charge at the time Plaintiff brought suit against the City, and when Plaintiff filed its ADEA claim against the City. The City's Municipal Code specifically designates the Board as an "official commission of the City of Elmhurst" (City of Elmhurst Municipal Code, ch. 3, § 3.17, Ex. 3). Moreover, under Illinois law, all board members are officers of the municipality they serve. *Mank v. Board of Police & Fire Comm'rs.*, 7 Ill.App.3d 478, 483, 288 N.E.2d 49 (1972). Therefore, the Board on which the members serve is also a part of an office of the municipality, and a part of the City government. The Board knew, through its members, of the discrimination charge (Affidavit of Paul V. Esposito ("Esposito Aft."), ¶ 5–7, Ex. 2, Group Ex. 4).

The Board's regulations do not distinguish the Board as an entity separate and distinct

**2.** Although *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130* involved a Title VII claim, courts have acknowledged that the administrative requirements for Title VII and the ADEA are virtually identical. *Pauls v. Elaine Revell, Inc.*, 571 F.Supp. 1018, 1021 (N.D.Ill. 1983).

**3.** The Court recognizes that while liberal construction is favored, some minimum standards of statutory compliance are necessary' in light of the strong emphasis upon voluntary compliance and conciliation. *Id.*

from the City. Accordingly, all correspondence from the Board to the Plaintiff was written on "City of Elmhurst" letterhead, with the City's logo (Kopec Aff., ¶ 9, Ex. 2; Esposito Aff, Group Ex. 4). Plaintiff understandably believed that the Board was part of the City, and not a separate and distinct entity. The Board was holding itself out as part of the City under the guise of the City's letterhead (Esposito Aff., Group Ex. 4).

The court's reasoning in *Johnson v. County of Cook*, 864 F.Supp. 84 (N.D.Ill.1994) applies to the case at bar. In *Johnson*, the court held that a discrimination charge filed by a correctional officer with the EEOC allowed the officer to proceed against the county even though the charge formally named only the department of corrections. 864 F.Supp. at 87. The court determined that correspondence from the Cook County Department of Corrections to plaintiff concerning her employment with the words "Cook County Department of Corrections," sufficiently alluded to Cook County. *Id.* at 86. The court stated that two "separate and distinct entities would probably not hold themselves out this way," and that it was unlikely that it was the practice of the Department of Corrections to put on its letterhead the seal of an organization with which it considers itself to have absolutely nothing to do. *Id.* Similarly, it is unlikely that it is the practice of the Board to send letters on the City's letterhead if it considers itself to be separate and distinct from the City.

Also, the City's Answer to Plaintiff's Complaint contains the Board's alleged reasons for rejecting Plaintiff for employment (Esposito Aff., ¶ 6. Ex. 2). The City would have been unable to respond to Plaintiff's Complaint had it not consulted with the Board before filing its Answer. Moreover, under Illinois law, the City's attorneys are also the Board's attorneys. 65 ILCS 5/10–2.1–25 (1994). Therefore, the Board's attorneys knew of the Plaintiff's allegations. It is the Board's failure to hire the Plaintiff that is at issue. At the very least, the consultation between the Board and the City put the Board on notice that it was involved in the lawsuit as soon as the City received notice of the EEOC charge.

The EEOC sent its notice of the charge to Mr Wade Jones, the Chairman of the Board, indicating that the Board had ample notice of its involvement. Because Illinois law mandates that a member of a police board may not hold any other office with a municipality, Jones clearly received the EEOC notice in his capacity as the Board's chairman. Jones and the Board were put on notice that they were involved in the charge.

*Eggleston* is directly on point. The court reached the same conclusion in *Eggleston*, where plaintiff's claim against the Local 130 adequately served notice upon the Joint Apprentice Committee, where 5 officers served within Local 130 while simultaneously serving on the committee. Because the committee in *Eggleston* administered the only apprentice program, the charge was sufficient to notify the committee of the alleged discriminatory practices. Similarly, because the Board was in full control of the hiring decisions, this charge also sufficiently notified the Board of the alleged discriminatory conduct. The charge itself clearly complained of the discriminatory hiring practice.

■ Defendant claims that no party represented the interests of the Board in the proceedings held under the initial charge. However the fact that the EEOC initially only investigated the City is insignificant. "A circumscribed EEOC investigation will not thwart a civil complaint comprising allegations like those reasonably contained in the EEOC charge." *Otterbacher v. Northwestern Univ.*, 838 F.Supp. 1256, 1260 (N.D.Ill. 1993). The charge naming the Board is the same charge naming the City.

Finally, it was natural for the plaintiff to assume a connection between the entities. The City sent Kopec a City of Elmhurst Police Officer Short Form application for employment. (Kopec Aff., ¶ 8; Esposito Aft, Ex. 7). It is reasonable for the Plaintiff to believe that the City was his employer. To hold Plaintiff to the understanding of the fine-tuned distinctions the Board draws would be to apply an overly formalistic approach that would disserve the intended ends

of the ADEA. By naming the City, Plaintiff sufficiently informed the Board of his claim.[4]

Accordingly, in light of the substantial connection between the Board and the City, the Court holds that the Board knew or should have known of the EEOC charge and that its conduct would be subject to the EEOC inquiry.

### b. Opportunity to Participate in Conciliation Proceedings

 The Court also finds that the Board had an opportunity to participate in conciliation proceedings. Resolution of this second prong of the exception requires consideration of the policies behind the purposes of conciliation. *Eggleston,* 657 F.2d at 906. "Conciliation between the parties may solve discriminatory problems without the animosities created by coercion, and it provides the defendant with the chance to voluntarily explain and justify the past conduct prior to the expense, publicity, and time consumption associated with litigation." *Id* at 906–07. However, while conciliation is encouraged, it is not an inalienable right of a defendant. *Id.* These related policies and purposes must be balanced against the "availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance." *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977).

 Upon balancing these considerations, the Court finds that the Board was presented with sufficient opportunity to conciliate. As soon as the Board had notice of the charge through Plaintiff's original Complaint on September 6, 1996, and again on August 29, 1996, when the Board received the EEOC notice, nothing prevented it from attempting to resolve the alleged discrimination in an amicable manner. Any opportunity to achieve voluntary resolution with the City by the EEOC would have necessarily involved the Board, and its chairman, Mr. Jones. Moreover, if a party has a close

relationship with a named defendant, and has actual notice of the EEOC charge, the party, "should not be heard to cry 'foul' when later made a defendant in the suit...." *Stevenson v. International Paper Co.,* 432 F.Supp. 390, 397–98 (W.D.La.1977). Similarly, the Board may not now cry foul when Plaintiff made it a defendant in the suit.

The Board had the opportunity to participate in settlement proceedings, but did not. Since the City was unwilling to settle the case after three months while the Board knew of the charge against the City, it is unlikely the Board would have settled. It was reasonable from the Plaintiff's standpoint that if voluntary compliance could not be achieved through the EEOC from the City, the addition of the Board to the conciliation effort would have made no difference.

### c. Plaintiff Also Satisfies The Glus Test

 The Board urges that an additional four prong test referred to in *Eggleston* is appropriate. However, under that four prong analysis, this Court arrives at the same conclusion. In *Eggleston,* the court cited to four factors used in *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977): (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant is to be through the named party. *Eggleston,* 657 F.2d at 908. In *Glus,* the Third Circuit stated that the four pronged test is not a mechanical one, and accordingly no single prong is to be decisive. 629 F.2d at 251. Each prong must be carefully weighed in

---

**4.** The Court distinguishes *Schnellbaecher,* 887 F.2d at 126–27, and *Bright v. Roadway Servs., Inc.,* 846 F.Supp. 693, 696–98 (N.D.Ill.1994), by noting that the relationship of a parent and a subsidiary, at issue in those cases, is not perfectly analogous to the government structure at issue. *Johnson,* 864 F.Supp. at 87 n. 3.

light of the ADEA's remedial purposes as well as the interests of the parties. *Id.*

■ As to the first prong, the Plaintiff had no way of knowing the extent of the Board's involvement in the alleged discriminatory action. Because of the close relationship between the Board and the City, it would be unreasonable to expect that the Plaintiff would be cognizant that the Board possessed a legal identity separate and distinct from the City. With respect to the second prong, the interests of the Board are similar enough that if the City complied or conciliated, surely the Board would also comply. As to the third prong, it is unlikely that prejudice is present and no likelihood of compliance, explanation or justification is evident. The Board effected no conciliation under Plaintiff's later charge, which specifically named the Board. Finally, the fourth prong also supports the plaintiff. The Board sent correspondence to Plaintiff on the City's letterhead, thereby holding itself out as the City. The close relationship between the City and the Board could have led Plaintiff to reasonably assume that the interests of both were represented by the City.

Therefore, looking at the evidence in the light most favorable to the Plaintiff, the Court concludes that the facts in the pleadings could support a finding that the Board had notice of the charge and the opportunity to participate in conciliation proceedings. The Court additionally finds that under the four prong analysis advocated by the Board, the pleadings and affidavits could support a finding that the Board had notice of the charge and the opportunity to participate in conciliation proceedings. Consequently, summary judgment is inappropriate.

**B. Plaintiff's Failure to Wait 60 Days Before Filing Suit**

■ The Court finds that because it is likely that the Board had adequate notice of the charge, Plaintiff's failure to wait 60 days before filing suit against the Board is of no significance. Although the charge-filing requirement is not jurisdictional, filing an EEOC charge and receiving a right to sue letter is still a prerequisite to suit. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d at

124, 128–29 (7th Cir.1989). Here, Plaintiff did obtain a right to sue letter naming the Board on August 29, 1996. The Plaintiff then filed its Amended Complaint on November 14, 1996, well over the 60 day waiting period.

■ Defendant improperly relies on *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827 (2th Cir.1986) in support of its argument that Plaintiff's complaint is time barred. In *Soso*, the Seventh Circuit held that whether the plaintiff's action is time barred must be determined with reference to the first notice of right to sue. *Id.* at 828. However, the Court finds that upon receipt of the first EEOC notice against the City, the Board likely had adequate notice of suit, and ample opportunity for conciliation. Therefore, Plaintiff's suit against the Board coincides with the purposes of the 60 day waiting period, which is to assure the "primacy of conciliation by the Department of Labor in the remedial scheme of the ADEA." *Settino v. City of Chicago*, 642 F.Supp. 755, 757 (N.D.Ill.1986). Although the Plaintiff received a right to sue letter against the Board on August 29, 1996, and filed for leave to amend its Complaint on September 6, 1996, it still did not officially name the Board in its Amended Complaint until November 14, 1996, when its Motion for Leave to Amend its Complaint was granted. This time period between August 29, 1996, and November 14, 1996, gave the Board ample opportunity to participate in conciliation proceedings, which it did not. Additionally, the EEOC's investigation in response to Plaintiff's first charge against the City was sufficient to provide the Board with an opportunity to participate in conciliation proceedings. The Amended Complaint stems from the same facts as the original Complaint.

**C. Absence of Alternative Remedy**

This Court also finds that if Defendant prevailed on its motion, Plaintiff is left without a remedy. The Board admits that it is the entity which has the legal authority to make decisions concerning prospective employees, and therefore, if the Court were to hold that only the City could be sued, Plaintiff would fail to sue the proper party that

committed the alleged discrimination. Such a result would frustrate the goals of anti-discrimination statutes. *Eggleston,* 657 F.2d at 905.

### IV. CONCLUSION

For the foregoing reasons, **the Court hereby DENIES the Board's Motion for Summary Judgment.**