In the

# United States Court of Appeals

## For the Seventh Circuit

---

Nos. 18-3349 & 19-1651

HUMBERTO TRUJILLO,

*Plaintiff-Appellant,*

*v.*

ROCKLEDGE FURNITURE LLC, doing business as
Ashley Furniture Homestore,

*Defendant-Appellee.*

---

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-CV-5343 — **Virginia M. Kendall**, *Judge.*

---

ARGUED MAY 16, 2019 — DECIDED JUNE 7, 2019

---

Before BAUER, HAMILTON, and ST. EVE, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal is about business names and when an employee's error in naming his employer is or is not fatal to an employment discrimination claim. Plaintiff Humberto Trujillo worked as a manager of an Ashley Furniture HomeStore near Chicago. He was fired and then filed a charge with the Equal Employment Opportunity Commission alleging age discrimination and retaliation. In the charge,

he listed the name of the Illinois store where he had worked—Ashley Furniture HomeStore—as well as the address and telephone number of the store. The correct legal name of Trujillo's employer, however, was Rockledge Furniture LLC, a business that operates several Ashley Furniture HomeStores and that was registered to do business in Illinois under the name "Ashley Furniture HomeStore – Rockledge." The district court dismissed Trujillo's claims for failure to exhaust administrative remedies because he did not name his employer sufficiently and because the EEOC never managed to notify the correct employer of Trujillo's charge.

We reverse based on two premises. First, Trujillo named his employer sufficiently in his original EEOC charge, and when his lawyer later sent his pay stub with Rockledge's name and address, he removed any doubt about the employer's identity. Second, the EEOC's error in processing his charge does not bar Trujillo from suing his employer.

I. *Factual and Procedural Background*

We review *de novo*, without deference to the district court, the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Huri v. Office of the Chief Judge*, 804 F.3d 826, 829 (7th Cir. 2015). We accept all well-pleaded facts as true and draw all reasonable inferences in plaintiff's favor. *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004).

From June 2007 through March 2016, Trujillo worked as a store manager of several Ashley Furniture HomeStores in the Chicago area. These stores were owned and operated by Rockledge Furniture LLC. Rockledge is a Wisconsin limited liability company associated with Ashley Furniture

Industries, Inc., a Wisconsin corporation. According to Rockledge's registration with the Illinois Secretary of State, it operates in Illinois under the assumed names of "Ashley Furniture HomeStore – Rockledge," "Ashley Furniture Outlet," and "Ashley Sleep." Each store where Trujillo worked held itself out to the public as an "Ashley Furniture HomeStore."

We can summarize briefly the substance of the case, but without vouching for Trujillo's allegations. In late 2015, according to Trujillo, Rockledge launched an initiative focused on hiring and promoting younger employees. Rockledge assigned a younger sales manager to report to Trujillo. Trujillo alleged that the young manager failed to perform her basic duties and repeatedly missed work without an excuse. He complained to human resources. Instead of disciplining the young manager, however, Rockledge promoted her. Rockledge then conducted an unscheduled "store audit," which Trujillo alleges was used as a pretext to justify his firing. Trujillo alleges that he was actually fired because of his age (he was about 50 years old when he was fired) and in retaliation for his complaints about the young sales manager.

On May 13, 2016, Trujillo filed a charge of discrimination with the EEOC and the Illinois Human Rights Commission. The charge identified his employer as "Ashley Furniture HomeStore." He did not list "Rockledge Furniture LLC," but he provided the Illinois address and telephone number of the Rockledge-operated store he had been managing. The EEOC never contacted anyone at that address or phone number. Instead, the EEOC used a new, automated system that forwarded the charge to a Texas business named Hill Country Holdings, LLC, which operated Ashley Furniture stores in

Texas. Hill Country replied to the EEOC that Trujillo was not its employee.

In April 2017, the EEOC told Trujillo's then-lawyer that "Ashley Furniture" (meaning Hill Country) had responded that it had stores only in Texas and had never employed Trujillo. In response, Trujillo's lawyer explained that his employer was Rockledge, an "Ashley Furniture Franchise," and that Trujillo's EEOC charge listed the location where he had worked. The lawyer also sent the EEOC one of Trujillo's paystubs, which listed Rockledge's full name and corporate address. One mystery of this case is that the EEOC still failed to serve the charge on Rockledge. The EEOC closed its file in April 2017 and issued Trujillo a right-to-sue letter.

In July 2017, Trujillo filed his complaint in the district court asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. Rockledge moved to dismiss. Instead of opposing the motion to dismiss, Trujillo filed an amended complaint adding as plaintiffs three other older Rockledge managers. Rockledge moved to dismiss again, arguing that Trujillo had failed to exhaust his administrative remedies. The district court granted the motion to dismiss without prejudice, finding that Trujillo had failed to exhaust because he did not name Rockledge as a party in his EEOC charge. The court gave Trujillo an opportunity to replead and allege facts sufficient to show that Rockledge knew or should have known of the EEOC charge, thereby satisfying the "*Eggleston* exception" to the administrative exhaustion requirement. See *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905–06 (7th Cir. 1981) (allowing discrimination suit against party who was not named at all in

EEOC charge, but who received actual notice of charge and was given opportunity to participate in conciliation).

Trujillo filed his second amended complaint, and Rockledge again moved to dismiss based on the same exhaustion argument. The district court dismissed Trujillo's claim for failure to exhaust administrative remedies because his EEOC charge did not list "Rockledge Furniture LLC" and because the complaint did not plausibly allege that Rockledge was on notice of his charge. The court explained:

> an individual who brings an ADEA claim must first file a charge with the EEOC. 29 U.S.C. § 626(d)(1); *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1002 (7th Cir. 1988); *Flannery v. Recording Ind. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). Further, a party not named in the charging document of an EEOC administrative review is not normally subject to a subsequent lawsuit. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). This is so to provide the employer with adequate notice and an opportunity for *reconciliation* without the need for resorting to the courts. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (emphasis added). The rare exception to this construct is where a party can prove that "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Schnellbaecher v. Baskin Clother Co.*, 887 F.2d 124,

126 (7th Cir. 1989) (citing *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

In dismissing his claims, the district court held that "Trujillo fails to allege any new facts that singularly or collectively show how Rockledge was either appropriately named as a party in the EEOC charge, or how they had notice of the EEOC charge that Trujillo filed permitting application of the exception." The district court also relinquished supplemental jurisdiction of Trujillo's state-law claim and dismissed it without prejudice. Trujillo moved for entry of a separate final judgment under Rule 54(b). The district court granted the motion and Trujillo filed this appeal. Although the dismissal was nominally without prejudice, it was by then too late for Trujillo to file a new charge to exhaust administrative remedies. That means the judgment was effectively with prejudice and appealable as a separate final judgment on Trujillo's claims under Rule 54(b). See, e.g., *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016); *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009).[1]

---

[1] Trujillo's main appeal (No. 18-3349) has been consolidated with his separate appeal of the denial of his later Rule 60(b) motion (No. 19-1651). The Rule 60(b) motion was based on evidence that Trujillo's original lawyer had sent an email to a Rockledge human resources official two weeks before Trujillo's original EEOC charge. The email notified Rockledge of Trujillo's potential age-discrimination claim. The district court denied the Rule 60(b) motion on the ground that an email from Trujillo's own lawyer could not be "newly discovered evidence" and that the email was not concealed by Rockledge since Trujillo was aware of or had access to it. We need not reach the merits of the second appeal.

II. *Analysis*

The purpose of the Age Discrimination in Employment Act of 1967 ("ADEA"), like Title VII of the Civil Rights Act of 1964, is to reduce discrimination in the workplace. *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1002 (7th Cir. 1988). The Supreme Court has explained:

> The ADEA, like Title VII, sets up a "remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 124 (1988); see also *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (noting the "common purpose" of Title VII and the ADEA). The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.

*Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402–03 (2008); accord, e.g., *Edelman v. Lynchburg College*, 535 U.S. 106, 115 (2002); *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972).

Along these lines, we have often explained that "it is particularly inappropriate to undermine the effectiveness of these statutes by dismissing claims merely because the victim of the alleged discrimination failed to comply with the intricate technicalities of the statute." *Husch*, 851 F.2d at 1002; see also *Huri v. Office of the Chief Judge*, 804 F.3d 826, 831 (7th Cir. 2015) ("Courts review the scope of an EEOC charge liberally."); *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1112 (7th Cir. 1984) ("The ADEA is humanitarian legislation that should not be construed in a hypertechnical manner."). When an employer argues that a suit should be dismissed for

failure to exhaust administrative remedies properly, we must keep these general principles in mind.[2]

There are, however, specific requirements. An ADEA claimant must first file a charge of discrimination with the EEOC and then wait sixty days before bringing an action in federal court. 29 U.S.C. § 626(d)(1); *Husch*, 851 F.2d at 1002. The charge must be filed within 180 or 300 days of the alleged discrimination, depending on relevant state law, which may require filing a charge with the state agency as well as the EEOC. See 29 U.S.C. § 626(d)(1); *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004); *Husch*, 851 F.2d at 1002.

EEOC regulations define an ADEA "charge" to mean a "statement filed with the Commission" alleging that "the named prospective defendant" has violated the ADEA. 29 C.F.R. § 1626.3. A charge must be in writing, "name the prospective respondent," and generally allege the discriminatory

---

[2] The parties and the district court have cited cases dealing with the ADEA and Title VII interchangeably. The Supreme Court has cautioned all to pay attention to differences between the statutes' enforcement mechanisms and deadlines. See, e.g., *Federal Express*, 552 U.S. at 393. For example, unlike Title VII, the ADEA does not require a plaintiff to obtain a right-to-sue letter from the EEOC to pursue his claims in court. Compare 29 U.S.C. § 626(d)(1) (ADEA) (allowing suit 60 days after charge is filed with EEOC regardless whether EEOC takes action) with 42 U.S.C. § 2000e-5(f)(1) (Title VII); see also *Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 167–68 (2d Cir. 1998); cf. *Fort Bend County v. Davis*, 139 S. Ct. —, 2019 WL 2331306, at *5–6 (2019) (holding that Title VII's charge-filing requirement is "not a jurisdictional prescription delineating the adjudicatory authority of the courts" but rather is a mandatory "processing rule" that is forfeited if not timely asserted). That being said, the general points about applying the laws so that a complaining party should not need a lawyer and construing documents liberally apply under both statutes.

acts. 29 C.F.R. § 1626.6. A charge also "should"—but is not required to—contain the "full name and address of the person against whom the charge is made." 29 C.F.R. § 1626.8(a)(2) & (b). Upon receiving a charge, the EEOC is supposed to serve notice on "persons named in such charge as prospective defendants" and to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d)(2).

The first question here is whether the error in naming Trujillo's employer in the original EEOC charge requires dismissal of his case for failure to exhaust administrative remedies. There is no doubt that plaintiff provided the correct address and telephone number of his place of employment, and he gave the name that was missing one word from the business name that Rockledge had filed with the Illinois government in order to be able to do business legally in Illinois: "Ashley Furniture HomeStore" versus "Ashley Furniture HomeStore – Rockledge." See 805 ILCS 180/45-5(a)(1). This case therefore presents not a failure to name a party at all, as in *Eggleston*, but a minor error in stating the name of the employer.

This minor naming error does not defeat Trujillo's ability to pursue his claim. Take the extreme case: suppose the employee misspells the employer's name in a way that leaves little room for misunderstanding: "MacDonald's" instead of "McDonald's," or "Lockhead Marten" instead of "Lockheed Martin." We have found no cases in which courts have even had to decide whether such minor naming errors entitled an employer to dismissal.

Here the mistake was that one word was missing from the employer's assumed business name. (Rockledge cannot complain about anyone's use of its assumed business name.)

Several cases show how courts overlook similar or less trivial errors in naming employers in charges. For example, in *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994), the plaintiff's EEOC charge named as her employer the name of the hotel where she worked. The Eleventh Circuit reversed dismissal of the suit against the limited partnership that owned the hotel of that name and against the general partners of that limited partnership. In *Shehadeh v. Chesapeake & Potomac Telephone Co. of Maryland*, 595 F.2d 711, 727–29 (D.C. Cir. 1978), the former employee's EEOC charge had used several informal variants on the employer's proper name. The District of Columbia Circuit reversed dismissal, explaining that the informal references to the employer gave the EEOC ample information to identify the employer and give it notice of the charge.

The same can be said here, with Trujillo's charge providing nearly the correct trade name and the correct address and telephone number of the store he managed. Accord, *Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1311–12 (10th Cir. 1980) (reversing dismissal and noting that "informally" naming employer can be sufficient); *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 646–48 (N.D. Ill. 1997) (denying dismissal where police officer applicant's EEOC charge named "city" instead of its board of police and fire commissioners but provided sufficient identification of employer); *Aguirre v. McCaw RCC Communications, Inc.*, 923 F. Supp. 1431, 1433–34 (D. Kan. 1996) (denying dismissal where plaintiff meant to include defendant CSI by naming "Cellular One" and its agents in her EEOC charge, and Cellular One was complicated association in which most lay persons would have difficulty ascertaining the exact role of CSI); *Johnson v. County of Cook*, 864 F. Supp. 84, 86–87 (N.D. Ill. 1994) (denying dismissal of suit against

county and sheriff where EEOC charge named county depart-
ment of corrections as employer). These cases illustrate both
the human tendency to use the informal names we use in com-
mon parlance (some may remember "Ma Bell" and "Big Blue"
for the American Telephone and Telegraph Co. and Interna-
tional Business Machines Corp.) and the legal challenges that
can arise in identifying the legally correct employer in com-
plex business arrangements, such as those involving fran-
chises, joint ventures, prime and subcontractors, outsourcing
of human resources and payroll functions, temporary em-
ployment services, and the like.[3]

The slight difference between Rockledge's business name
and the name Trujillo used in his EEOC charge should not
have prevented the EEOC from reaching the proper employer
and pursuing possible conciliation. The EEOC is, after all,
supposed to *investigate* charges. It has a lot to do, however,
and some mistakes are inevitable. In its brief as amicus curiae
in this appeal, the EEOC asserts correctly that in determining
whether a claimant has satisfied the charge-filing require-
ments, the focus should be on the information the claimant
provided to the EEOC, not on what the EEOC actually did
with the information. See, e.g., *Steffen v. Meridian Life Ins. Co.*,
859 F.2d 534, 544 (7th Cir. 1988) ("The EEOC's failure to act on
a charge … does not bar a person from maintaining an ADEA
action.").

---

[3] Cf. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481–83 (5th Cir. 2014) (Title
VII claimants did not name franchisor in EEOC charge that named fran-
chisee, but claimants could try to show identity of interests or actual notice
to franchisor).

We agree. Keeping in mind the EEOC's role as investigator, we have explained:

> Even a charge that is not explicit in an employee's complaint will be deemed exhausted if "the current claim reasonably could have developed from the EEOC's investigation of the charges before it," meaning that "the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005).

*Delgado v. Merit Systems Protection Bd.*, 880 F.3d 913, 926 (7th Cir. 2018). The same logic applies to imperfect naming of an employer. After all, the purpose of the requirement to file a charge is "to provide the EEOC with sufficient information to notify an employer that it has been charged with discrimination and to provide the EEOC with the opportunity to investigate … [and] to eliminate any unlawful practice through informal conciliation." *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1138 (7th Cir. 1994), quoting *Steffen*, 859 F.2d at 542.

The EEOC's amicus brief explains that Trujillo's charge gave the EEOC sufficient information to process it properly and to give appropriate notice to Rockledge. Again, we agree. Penalizing the charging party for the EEOC's mistake in processing that sufficient information would frustrate the purpose of the ADEA and its design allowing non-lawyers to pursue claims before the EEOC. That's why documents filed with the EEOC "should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's

rights and statutory remedies." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008).[4]

Even if Trujillo's original charge were deemed not to have named his employer with sufficient accuracy, the additional information that his lawyer provided to the EEOC should remove any lingering doubts. Recall that when the EEOC heard back from the no-doubt-mystified company in Texas, it contacted Trujillo and his lawyer, who responded with a paystub that named Rockledge Furniture LLC as the employer with its headquarters address and telephone number. This information should also be considered in deciding whether Trujillo adequately exhausted administrative remedies before the EEOC. See *Edelman v. Lynchburg College*, 535 U.S. 106, 115 (2002) (to avoid forfeiting rights inadvertently, where statute required that EEOC charge be verified, regulation properly allowed party who filed timely but unverified charge to provide verification after time limit for filing charge had passed).

Finally, we acknowledge Rockledge's point that the EEOC's failure to give it proper notice of Trujillo's complaint denied it the opportunity to pursue informal resolution of the dispute through conciliation. The Supreme Court faced the same problem in *Federal Express v. Holowecki*, and it rejected the argument that the proper remedy for that lost opportunity

---

[4] The district court's analysis seems to have gone off-track by focusing on the *Eggleston* line of cases, which apply a multi-factor test when a defendant in a lawsuit was not named in the EEOC charge at all but still received actual notice of the charge. See *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905–06 (7th Cir. 1981). The district court therefore did not consider the more directly applicable line of cases cited above dealing with a charging party's failure to name the employer perfectly.

was to dismiss the case entirely. The Court explained that it "would be illogical and impractical to make the definition of charge dependent upon a condition subsequent over which the parties have no control"—i.e., the EEOC's mishandling of a plaintiff's charge. 552 U.S. at 404. The imperfect but best available remedy, the Court said, is simply to allow the parties a reasonable opportunity to pursue conciliation if there is in fact genuine interest in doing so. *Id.* at 407; see also *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645, 1656 (2015) (if EEOC fails to attempt conciliation as required by statute, remedy is not to dismiss case but to order EEOC to attempt conciliation).

In No. 18-3349, we REVERSE the district court's judgment dismissing Trujillo's claims for failure to exhaust his administrative remedies and REMAND for further proceedings consistent with this opinion. We DISMISS AS MOOT No. 19-1651.