Mary Ann **GILMORE**, et al., Plaintiffs,

v.

**LIST & CLARK CONSTRUCTION CO., et al., Defendants.**

**No. 94–2103–JWL.**

United States District Court,
D. Kansas.

Aug. 3, 1994.

Sue Phillips and Elizabeth A. Phillips, Phillips & Phillips, Kansas City, MO, for Mary Ann Gilmore and Barbara J. Strange.

John A. Vering, III, Renana B. Abrams, and Jennifer P. Kyner, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Holliday Sand & Gravel, List and Clark Const. Co., and Cent. Plains Contracting Co.

Mark A. Ferguson, Lathrop & Norquist, Overland Park, KS, and Ann Mesle, Lathrop & Norquist, Kansas City, MO, for Ray Ulsh.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

### *I. INTRODUCTION*

Plaintiffs Mary Ann Gilmore and Barbara J. Strange filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC) on July 24, 1992, and August 4, 1992, respectively, alleging sex discrimination. Each plaintiff subsequently received a right to sue notice from the EEOC and then filed a complaint in this court alleging that List and Clark Construction Company (List & Clark), Central Plains Contracting Company (Central Plains), and Holliday Sand & Gravel Company (Holliday), their "employers," discriminated against them in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and negligently retained and supervised high company management. Plaintiffs seek both compensatory and punitive relief.

This matter is currently before the court on the motion of defendants List & Clark and Central Plains to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. # 4). Defendants contend that they are not "employers" or "joint employers" as defined by Title VII, that plaintiffs failed to name them in the

charge filed with the EEOC, and, thus, that plaintiff fails to state a claim against them under Title VII. They further argue that because they are not plaintiffs' "employers," they cannot be liable under a theory of negligent retention, and that this claim must also be dismissed. Plaintiffs respond in opposition that genuine issues of material fact exist regarding each of these claims such that dismissal would be premature and improper. For the reasons set forth below, defendants' motion is denied.

## II. STANDARD ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

### A. Prerequisites to Suit

Title VII requires that before a person files a civil action against a party in federal court, he or she must file a charge with the EEOC. The purpose of the EEOC filing requirement is to give notice to the employer and to give the employer an opportunity to voluntarily comply with Title VII. *See Greenwood v. Ross*, 778 F.2d 448, 450 (8th Cir.1985). In their respective complaints filed with the EEOC, plaintiffs listed only Holliday as a respondent and neglected to list Central Plains and List & Clark.

Although a plaintiff should name all defendants in his or her EEOC charge, the omission of a party's name does not necessitate dismissal of a Title VII action. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980). Dismissal is not mandated when the plaintiff has informally referred to the defendant in the charge or when there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* In determining whether the failure to name a party requires dismissal, the court must consider, in addition to other relevant facts, the following:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interest of a named [sic] are so similar as the unnamed parties that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed parties; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)). Further, complaints to the EEOC "must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." *Id.* at 1311.

The court finds that issues of fact preclude it from determining whether the failure of plaintiffs to specifically list defendants List & Clark and Central Plains in their respective EEOC complaints mandates dismissal. It does not appear beyond a doubt that the plaintiffs can prove no set of

facts in support of their theory of recovery and, thus, the court finds that they are entitled to offer evidence on their theory of relief under Title VII.

### B. Definition of "Employer"

■ To establish a prima facie case under Title VII against List & Clark and Central Plains, plaintiffs must show that they are an "employer" under the Act. 42 U.S.C. § 2000e-2. Defendants List & Clark and Central Plains contend that they are not employers as defined in Title VII, and, therefore, that plaintiffs fail to state a claim against them. Plaintiffs contend that issues of fact preclude the court from determining, as a matter of law, that defendants do not qualify as an employer under Title VII. They specifically allege in their complaint that Holliday and Central Plains are wholly owned subsidiaries of List & Clark, that the three companies share the same corporate headquarters, and that the same individuals control the personnel policies and decisions for all three companies.

■ Separate business entities may be combined and treated as a single employer for purposes of liability under Title VII. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361–2 (10th Cir.1993); *see also* Barbara L. Schlei & Paul Grossman, Employment Discrimination Law 1000 (1983 & Supp.1989). While the Tenth Circuit has not adopted an exclusive test for use in all employment discrimination cases, it has applied the integrated enterprise test to determine whether certain business entities may be treated as a single employer. *See Frank*, 3 F.3d at 1362 & n. 2. Under the integrated enterprise test, the following four factors are considered: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Id.* at 1362 (citing *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1089 (10th Cir.1991)). When considering these factors, the court must also keep in mind that the law allows businesses to incorporate to limit liability and to isolate liability among separate entities. *Id.* There is a strong presumption that a parent company is not the employer of its subsidiary's employees. *Id.* (citing *John-*

*son v. Flowers Indus., Inc.*, 814 F.2d 978, 980–81 (4th Cir.1987)).

The court finds that in order to assess whether the defendants may be considered a "single employer" for purposes of Title VII, facts outside the pleadings are required. Because discovery in this action has barely begun, the court deems it premature to fully evaluate the issue of whether defendants were plaintiffs' employer for purposes of Title VII liability and finds that it is improper to dismiss plaintiffs' claims under Title VII at this time. Defendants have not met their burden to show that plaintiffs can prove no set of facts which would establish that List & Clark and Central Plains are liable under Title VII. Defendants' motion to dismiss plaintiffs' Title VII claims is denied on this basis.

### C. Negligent Retention and Supervision

■ Under Kansas law, an employer may be found liable, under certain circumstances, for injuries inflicted by one employee upon another. *See Anspach v. Tomkins Indus., Inc.*, 817 F.Supp. 1499, 1519 (D.Kan. 1993) (analyzing Kansas law). Plaintiffs seek to hold defendants liable for actions taken by Ray Ulsh, the vice-president of Holliday. Defendants List & Clark and Central Plains contend that because they are not Mr. Ulsh's employer, they cannot be liable for his negligent retention or supervision as a matter of law.

Once again the court finds that issues of fact preclude it from ruling in favor of defendants. The court cannot determine, as a matter of law, whether circumstances exist in this case to justify treating List & Clark or Central Plains as Ray Ulsh's employer. Defendants have not met their burden to show that plaintiffs can prove no set of facts which would entitle them to relief on this claim. Defendants motion is denied.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of defendants List & Clark Construction Company and Central Plains Contracting Company to dismiss pursuant to Federal Rule of Civil Proce-

dure 12(b)(6) for failure to state a claim (Doc. # 4) is denied.

IT IS SO ORDERED.