Josephine V. AGUIRRE, Plaintiff,

v.

**McCAW RCC COMMUNICATIONS, INC., et al., Defendants.**

No. 95–2439–JWL.

United States District Court, D. Kansas.

April 26, 1996.

Jeffrey S. Bay and Clark S. Gay, Van Osdol, Magruder, Erickson & Redmond, Kansas City, MO, for plaintiff.

Larry W. Joye, Paul A. Feuerborn, Morrison & Hecker L.L.P., Kansas City, MO, Brian F. McCallister and Daniel Brian Weddle, the Wirken Group, P.C., Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

## I. INTRODUCTION

Plaintiff Josephine Aguirre, a female Mexican–American, filed charges of sex and national origin discrimination with the Equal Opportunity Employment Commission (EEOC) on June 6, 1995. The plaintiff filed similar charges with the Kansas Human Rights Commission (KHRC) on July 19, 1995. After receiving a right to sue notice from the EEOC, the plaintiff filed this suit claiming that all of the named defendants in this action discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Kansas Act Against Discrimination, K.S.A. 44–101 *et seq.* The plaintiff claims that she was a victim of disparate treatment and that the defendants subjected her to a hostile work environment. The plaintiff also alleges that the defendants discriminated against her by refusing to grant her a cellular dealership while granting such dealerships to white males.

This matter is currently before the court on the motion of defendant Cellular Systems, Inc. (CSI) to dismiss pursuant to Fed.R.Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim (Doc. # 19). CSI contends that because the plaintiff failed to specifically name CSI in her charges filed with the EEOC and KHRC, the plaintiff's claims should be dismissed. Alternatively, CSI contends that because the plaintiff was an independent contractor, and not an employee, the plaintiff fails to state a cause of action under Title VII. Assuming that the court dismisses the Title VII claim, the defendant urges the court to decline to exercise its supplemental jurisdiction over the plaintiff's state law claims. For the reasons set forth below, CSI's motion to dismiss is denied.

## II. STANDARD FOR MOTION TO DISMISS

■ A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

### A. Prerequisites to Suit

■ Prior to filing this lawsuit, the plaintiff filed discrimination charges with the EEOC and KHRC. The plaintiff named "Cellular One" as the target of her EEOC charge and listed "Cellular One and its representatives" as the target of her KHRC charge. Cellular One is an unincorporated association owned and operated by all of the named defendants except defendant CSI. As an authorized agent of Cellular One, CSI employed the plaintiff as a sales representative who sold Cellular One products, services, and subscriptions. CSI claims that because the plaintiff failed to file an EEOC or KHRC claim specifically against CSI, the court should dismiss her claim for failing to exhaust her administrative remedies.

■ Title VII requires that before a person files a civil action against a party in federal court, he or she must file a charge with the EEOC. The purpose of the EEOC filing requirement is to give notice to the employer and to give the employer an opportunity to comply voluntarily with Title VII. *Gilmore v. List & Clark Constr. Co.*, 862 F.Supp. 294, 297 (D.Kan.1994).

■ Although a plaintiff should name all defendants in his or her EEOC charge, the omission of a party's name does not necessitate dismissal of a Title VII action. *Romero*

v. *Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980). Dismissal is not mandated when the plaintiff has informally referred to the defendant in the charge or when there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* In determining whether the failure to name a party requires dismissal, the court must consider, in addition to other relevant facts, the following:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) whether, under the circumstances, the interest of a named [sic] are so similar as the unnamed parties that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed parties;

(4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)). Further, complaints to the EEOC "must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." *Id.* at 1311.

 CSI failed to address the *Romero* factors in its motion to dismiss. For that reason alone, CSI has failed to meet its burden of proving no set of facts in support of the plaintiff's theory of recovery that would entitle her to relief. *See Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1115.

In addition, after reviewing the plaintiff's claims in light of the four *Romero* factors, the court concludes that the plaintiff may maintain her action against CSI. First, while the plaintiff could have named CSI in both her EEOC and KHRC charges, the court finds that plaintiff meant to include CSI by naming "Cellular One" as the target of her complaint. As the plaintiff points out, Cellular One is a complicated association in which most lay persons would have difficulty ascertaining the exact role of CSI. Second, the interests of Cellular One and CSI are almost identical. The goals of both entities are to market and sell Cellular One subscriptions. Third, the defendant offers no evidence that it suffered or would suffer actual prejudice by the omission of its name in the EEOC and KHRC charges. Finally, while the court finds no direct evidence that CSI represented that the plaintiff should have communicated to CSI through Cellular One, the relationship between the two entities implicitly suggests that the plaintiff's communications with Cellular One or CSI could be through either defendant.

In sum, the plaintiff was without legal counsel at the time she filed her administrative charges. Under the *Romero* factors, the court finds that the plaintiff was not mandated to name CSI in her administrative charges. Accordingly, the court denies CSI's motion to dismiss on this ground. *See Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1115.

## B. Definition of Employer

Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). An employee is "an individual employed by an employer." 42 U.S.C. § 2000e(f).

CSI argues that to state a claim against it under Title VII, the plaintiff must show that she is an employee as defined by Title VII. CSI asserts that because the plaintiff is an independent contractor, not an employee, the court should dismiss the plaintiff's discrimination claims. The court addresses this argument with respect to each of the plaintiff's discrimination claims in turn.

### 1. Failure to Grant Dealership Claim

In her complaint, the plaintiff alleges that CSI discriminated against her on the basis of sex and national origin in failing to grant her a cellular dealership. Neither the plaintiff nor CSI describe whether such a dealership is an additional benefit associated with the plaintiff's current job or whether the dealership is a separate position which the plaintiff seeks to attain. Assuming that the plaintiff is presenting a failure-to-hire or failure-to-promote claim, the plaintiff does not have to be an employee of the defendant to state a cause of action under the plain language of the statute. After all, Title VII allows any "individual" to bring a discrimination claim against "an employer" who fails or refuses to hire that individual on the basis of her sex or national origin. To state a claim, the defendant must meet the statutory definition of "employer" under Title VII by having at least fifteen employees. 42 U.S.C. § 2000e(b). The present employer-employee relationship between the plaintiff and the defendant is irrelevant.[1] Accordingly, the court denies CSI's motion to dismiss the plaintiff's discrimination claim based on the defendant's failure to grant the plaintiff a dealership. *See Jacobs, Visconsi & Jacobs, Co.,* 927 F.2d at 1115.

### 2. Disparate Treatment and Hostile Work Environment Claims

The plaintiff also claims that CSI discriminated against her by making her the victim of disparate treatment during her employment and by creating an intimidating, hostile, and offensive work environment. In such discrimination claims, the plaintiff must establish an employer-employee status between the parties because the claim is based on Title VII's language prohibiting discrimination with respect to an person's "terms, conditions, or privileges of *employment.*" § 2000e–2 (emphasis added).[2] By definition,

the individual must be an employee. *See Wright v. State Farm Mut. Auto. Ins. Co.,* 911 F.Supp. 1364, 1371 (1995). Here, the plaintiff asserts that she was an employee of all the named defendants.

In determining whether a plaintiff has demonstrated an employee-employer relationship for purposes of federal anti-discrimination legislation, the Tenth Circuit adopted a "hybrid test." *Oestman v. National Farmers Union Ins. Co.,* 958 F.2d 303 (10th Cir.1992). Under this test, the court must examine the "totality of the circumstances surrounding the working relationship between the parties." *Id.* The court, however, finds that in order to assess whether an employer-employee status exists between the plaintiff and CSI the court requires access to facts outside the pleadings. Because discovery in this action has barely begun, the court finds that it is premature to evaluate fully the issue of whether the plaintiff was the defendant's employee for purposes of Title VII liability. The defendant has not met its burden of showing that the plaintiff can prove no set of facts which would establish that an employer-employee relationship existed. Accordingly, the court denies the defendant's motion to dismiss the plaintiff's claim for hostile work environment sexual harassment. *See Jacobs, Visconsi & Jacobs, Co.,* 927 F.2d at 1115.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that defendant CSI's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. # 19). is **DENIED.**

**IT IS SO ORDERED.**

---

1. CSI cites two cases for the proposition that the plaintiff must establish an employer-employee relationship between the plaintiff and the defendant to state a cause of action under Title VII. *Stetka v. Hunt Real Estate Corp.,* 859 F.Supp. 661, 665 (W.D.N.Y.1994); *Wilde v. County of Kandiyohi,* 15 F.3d 103, 104 (8th Cir.1994). Both *Stetka* and *Wilde* both involve sexual harassment claims under Title VII. As discussed in Part III(B)(2), *infra,* such cases are factually distinguishable from the plaintiff's claim that the defendant denied her a dealership.

2. The court notes that if the plaintiff's discrimination claim based on her failure to obtain a dealership involves the denial of a benefit associated with the plaintiff's current job, the plaintiff's employer-employee status with the CSI would also be relevant to this issue.