**Lisa PLATT, Plaintiff,**

v.

**KINI L.C. and Liberty Cellular, Inc., Defendants.**

**No. Civ.A. 97–2591–KHV.**

United States District Court, D. Kansas.

July 7, 1998.

Paul F. Pautler, Jr., Kimberly A. Jones, Blackwell, Sanders, Peper, Martin, LLP, Kansas City, MO, for Lisa Platt, plaintiff.

Mary K. Babcock, Boyd A. Byers, Foulston & Siefkin, L.L.P., Wichita, KS, Jay Scott Emler, Salina, KS, for defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Lisa Platt claims that her employer subjected her to sexual harassment, pregnancy discrimination and retaliation under the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Kansas Act Against Discrimination, K.S.A. § 44–1009 *et seq.* The matter comes before the Court on *Defendant Liberty's Motion To Dismiss, Or In The Alternative, For Summary Judgment* (Doc. # 18) filed February 23, 1998, and *Defendant Kini's Motion To Dismiss Or, In The Alternative, For Summary Judgment* (Doc. # 20) also filed February 23, 1998. Liberty Cellular, Inc. [Liberty] argues that it is not a "covered employer" within the meaning of the above statutes, while Kini, L.C. [Kini] argues that plaintiff failed to exhaust her administrative remedies because she did not name it in her EEOC charge.[1]

---

1. Both defendants argue that plaintiff failed to exhaust her administrative remedies under the Kansas Act Against Discrimination [KAAD]. Because plaintiff has voluntarily dismissed her claim under the KAAD, defendants' motions are

Because the parties have submitted matters outside the pleadings, the Court construes defendants' motions as motions for summary judgment under Fed.R.Civ.P. 56, and finds that defendants' motions should be overruled.

### Summary Judgment Standards

The standards and procedures for summary judgment are well established and will not be fully repeated here. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In essence, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

### Factual Background

Plaintiff claims that both Kini and Liberty are her former employers. On March 11 and 14, 1997, plaintiff filed charges of discrimination with the EEOC which identified "Kansas Cellular" as the employer which had discriminated against her. Plaintiff alleged that Gary Baron discriminated against her on the basis of her sex and pregnancy. Liberty does business under the name Kansas Cellular, and it responded to plaintiff's EEOC charge. Although Kini denies that it had an opportunity to respond at the agency level, it is undisputed that Clark Garnett, Kini's President and CEO, received a copy of plaintiff's charges less than thirty days after plaintiff filed them.

According to defendants, Liberty and Kini are separate and distinct legal entities. To support this position, they cite affidavits from Jay Emler, who is Vice–President, Assistant Secretary and General Counsel for both companies, and Janelle Rogers, who is the Human Resource Coordinator for Kini.

According to these affidavits, Kini is an independent, fully capitalized management company which performs management services for Liberty under a management agreement, while Liberty, d/b/a Kansas Cellular, has no employees. The affidavits also state that Kini, not Liberty, employed plaintiff. Kini presents evidence that plaintiff signed a confidentiality agreement with Kini, and also that plaintiff signed acknowledgment receipts for the Kini Associate Handbook, the Kini anti-trust guidelines and the Kini insurance plan.

In response, plaintiff asserts that Kini and Liberty Cellular hold themselves out as one entity—Kansas Cellular—and that Kansas Cellular was her employer for purposes of federal civil rights law. Plaintiff cites undisputed evidence that both Kansas Cellular and Kini have the same mailing address, 621 Westport Blvd., Salina, Kansas; that her business card represented that she worked for Kansas Cellular; that she received numerous employment related documents on Kansas Cellular letterhead; and that she received a check payable to "Lisa Platt, 1992 Hidden Paycheck" in the amount of $15,-350.64 from "Kansas Independent Networks, Inc. DBA Kansas Cellular." In addition, plaintiff offers evidence of press releases from three Kansas newspapers which indicate that Kansas Cellular does have employees.[2] Finally, plaintiff submits timesheets for January 1995 through March 15, 1997. Each timesheet is broken down into separate categories for Kini and Liberty Cellular, as well as other items, and plaintiff's time entries are entered almost exclusively under the category for Liberty Cellular.[3]

It is undisputed that Clark Garnett, Kini's President and CEO, received a copy of plaintiff's EEOC charges in March 1997.

---

to that extent moot. *See Plaintiff's Memorandum In Opposition To Defendants' Motions To Dismiss, Or In The Alternative For Summary Judgment* (Doc. # 32) filed April 1, 1998, at 2, n. 1.

**2.** The *Ottawa Herald* ran a press clip on December 20, 1995, stating that "Kansas Cellular has announced that Kevin Lickteig, Paola, was named an account executive at the Pittsburg Customer Center." The *Abilene Reflector–Chronicle* ran a press clip the same day stating that "Kansas Cellular, Salina, has named Ralph Callis

as Kansas Cellular's Marketing Associate of the Month for November." Finally, the *Junction City Daily Union* ran a press clip on December 17, 1995, quoting "Gary Baron, director of marketing and sales for Kansas Cellular."

**3.** Plaintiff lists time entries under Kini on November 21, 1995, and on January 3, 5, 6 and 9, 1996. It is unclear from the record whether plaintiff, or one of the defendants, made the time entries.

## Analysis

### A. Covered Employer

Liberty argues that it is not a covered employer under Title VII because at all relevant times it had less than 15 employees. *See* 42 U.S.C. § 2000e(b). Liberty also argues that it cannot be held liable under Title VII as Kini's agent or as a "single employer" under the integrated enterprise test.

■ Federal courts have employed several tests to determine whether Title VII liability can be imposed on a parent corporation for the actions of its subsidiaries. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993) (applying integrated enterprise test to determine whether parent corporation liable for discriminatory acts of subsidiary). These tests include: (1) whether the two companies are integrated, (2) whether the parent exercises a significant degree of control over the subsidiary's decisions, (3) whether the parent is the alter ego of the subsidiary, and (4) whether the parent exercises extensive control over the acts of the subsidiary with respect to the particular claim of wrongdoing. *Frank,* 3 F.3d at 1362; *Schmitt v. Beverly Health and Rehabilitation Servs., Inc.,* 993 F.Supp. 1354, 1358 (D.Kan.1998). Although the Tenth Circuit has declined to adopt a single test, the critical inquiry under each test is whether the parent exercised control over significant aspects of the plaintiffs terms and conditions of employment or the parent dominated the subsidiary's operations to such a degree that the two companies are in reality a single entity. *See Johnson v. Flowers Indus., Inc.,* 814 F.2d 978, 980–81 (4th Cir.1987); *Magnuson v. Peak Tech. Servs., Inc.,* 808 F.Supp. 500, 507–08 (E.D.Va.1992); *see also Frank,* 3 F.3d at 1363 (critical question is "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination") (quoting *Trevino v. Celanese Corp.,* 701 F.2d 397, 404 (5th Cir. 1983)). The presumption of limited liability, however, remains the rule. *See Johnson,* 814 F.2d at 981. "Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary—domination similar to that which justifies piercing the corporate veil—is sufficient to rebut this presumption, [ ], and to permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions." *Lusk v. Foxmeyer Health Corp.,* 129 F.3d 773, 778 (5th Cir.1997).

Although Liberty and Kini do not stand in the relationship of parent and subsidiary, the foregoing tests have been applied to closely-related entities other than parents and subsidiaries. *See Walker v. Toolpushers Supply Co.,* 955 F.Supp. 1377, 1381 (D.Wyo.1997). In *Frank,* the Tenth Circuit identified four factors which apply in considering the test most directly relevant to our inquiry, the integrated enterprise test. Those factors are (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Frank,* 3 F.3d at 1362.[4]

■ Considering these factors, the Court cannot conclude as a matter of law that Liberty, doing business as Kansas Cellular, is not a covered employer under Title VII. Plaintiff has produced evidence that she applied for employment with Kansas Cellular, that her business card and several employment related documents—including her business care and her 1997 performance evaluation—represented that she worked for Kansas Cellular, that press releases in three Kansas newspapers indicate that Kansas Cellular has employees, and that plaintiff's timesheet entries are listed almost exclusively under the category for Liberty. On this record, the Court cannot conclude that a reasonable jury would reject a claim that the two entities are an integrated enterprise under *Frank* or that an agency relationship exists between them. *See Massey v. Emergency Assistance, Inc.,* 580 F.Supp. 937, 943 (W.D.Mo.1983) *aff'd* 724 F.2d 690 (8th Cir.) *cert. denied* 469 U.S. 930, 105 S.Ct. 323, 83 L.Ed.2d 260 (1984) (whether agency relationship exists turns on whether agent acts on behalf of and is subject to control of principal). On this record, plaintiff demon-

---

4. The Tenth Circuit declined to adopt the integrated enterprise test as the exclusive test to be used in all employment discrimination cases.

*See Frank,* 3 F.3d at 1362 n. 2 (identifying three other tests which could be used).

strates facts which evidence an entanglement of management control between Liberty and Kini such that summary judgment is not appropriate. Liberty's motion for summary judgment is overruled.

## B. Failure to Exhaust Administrative Remedies

Kini argues that plaintiff failed to exhaust her administrative remedies by not naming it in her administrative charge. According to Kini, this failure is pronounced because plaintiff was represented by counsel at the time she filed her charge.

■ Kini is correct that compliance with the administrative process is a prerequisite to suit in federal court. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 798 (10th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 342, 139 L.Ed.2d 266 (1997). Likewise Kini acknowledges that "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent [civil] action." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980). Dismissal is not mandated when the plaintiff has informally referred to defendant in the charge or when there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.*

■ In determining whether plaintiff's failure to name Kini requires dismissal, the Court must consider in addition to other relevant factors: (1) whether plaintiff through reasonable effort could have ascertained Kini's role at the time she filed her EEOC charge; (2) whether for purposes of obtaining voluntary conciliation and compliance, Kini's interest is so similar to that of Liberty d/b/a Kansas Cellular that it was unnecessary to include it in the EEOC charge; (3) whether Kini was actually prejudiced by its alleged absence from the EEOC proceedings; and (4) whether Kini in some way represented to plaintiff that its relationship with her is through Kansas Cellular, the party named in the charge. *Id.* 615 F.2d at 1312.

■ Kini argues that plaintiff does not qualify for this exception because she was represented by counsel at the time she filed her charges. *See id.* at 1311 (charges must be liberally construed because they are "written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act."); *see also Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 860 (10th Cir.1983) (EEOC charges liberally construed when written by laymen).

After reviewing plaintiff's claims in light of the *Romero* factors, the Court finds that Kini's motion for summary judgment should be overruled. First, while plaintiff could have named Kini in her EEOC charges, the Court rejects Kini's argument that plaintiff "actually knew" that it was her employer. Indeed, as discussed above, plaintiff presents evidence from which a reasonable jury could conclude that the two entities are an integrated enterprise or that an agency relationship exists between them. Second, material questions of fact remain as to the similarity of interests and the entanglement of management control between Liberty and Kini such that summary judgment is not appropriate. Third, the Court is not persuaded that Kini suffered actual prejudice because it was not named on the face of the EEOC charge. It is undisputed that Liberty did respond at the agency level, and that Kini's President and CEO received a copy of plaintiff's EEOC charge within thirty days after she filed it. Finally, there is evidence in the record from which a reasonable jury could find that Kini represented to plaintiff that its relationship with her was through Kansas Cellular, *e.g.* the numerous employment related documents given to plaintiff on Kansas Cellular letterhead. For these reasons, the Court finds that material questions of fact preclude dismissal based on plaintiff's failure to name Kini in her administrative charge. *Accord Aguirre v. McCaw RCC Communications, Inc.*, 923 F.Supp. 1431, 1434 (D.Kan.1996).

**IT IS THEREFORE ORDERED** that *Defendant Liberty's Motion To Dismiss, Or In The Alternative, For Summary Judgment* (Doc. # 18) filed February 23, 1998, should be and hereby is overruled.

**IT IS FURTHER ORDERED** that *Defendant Kini's Motion To Dismiss Or, In The Alternative, For Summary Judgment* (Doc.

# 20) filed February 23, 1998, should be and hereby is overruled.