**Judith E. DUNN, Plaintiff,**

v.

**The TUTERA GROUP; Columbia B Health Centers, Inc. d/b/a Prairie Manor Nursing Home; Sunquest SPC, Inc.; and Unison Healthcare Corporation, Defendants.**

**No. Civ.A. 98–2044–KHV.**

United States District Court, D. Kansas, Kansas City Division.

Aug. 14, 1998.

Bobbie R. Bailey, Kansas City, MO, for plaintiff.

Diane P. Duvall, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, for Tutera Group and Columbia B Health Centers, Inc.

Frank S. Eschmann, Eschmann & Pringle, P.A., Topeka, KS, for Sunquest SPC, Inc. and Unison Healthcare Corporation.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Judith Dunn claims that defendants violated her rights under 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, by subjecting her to unlawful sexual harassment and retaliation. This matter comes before the Court on *Defendant Columbia B Health Centers, Inc.'s Motion To Dismiss And/Or For Summary Judgment* (Doc. # 6) filed April 10, 1998; *Defendant The Tutera Group's Motion To Dismiss And/Or For Summary Judgment* (Doc. # 8) filed April 10, 1998; *Plaintiff's Opposition To Defendant Columbia B's Motion To Dismiss And/Or For Summary Judgment And Motion For Continuance Pursuant To Fed.*

R.Civ.P. 56(f) (Doc. # 12) filed May 12, 1998; and *Plaintiff's Opposition To Defendant The Tutera Group's Motion To Dismiss And/Or For Summary Judgment And Motion For Continuance Pursuant To Fed.R.Civ.P. 56(f)* (Doc. # 11) filed May 12, 1998. For the reasons stated below, the Court finds that both of defendants' motions should be overruled and that plaintiff's motions should be sustained.

### Motion to Dismiss Standards

Defendants ask the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) because plaintiff did not name Columbia and Tutera in her EEOC discrimination charge and therefore failed to exhaust administrative remedies. Tutera also seeks dismissal on the ground that it is not an employer under Title VII. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir.1994). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball*, 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

Challenges to jurisdiction under Rule 12(b)(1) usually take two forms: facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995). Defendants' motions fall within the latter category because all parties rely on evidence outside of the complaint. In such event, the Tenth Circuit has set forth the following standard:

> A party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affida-

vits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1003 (citations omitted).

In this case, however, scrutiny under Rule 12(b)(1) is not appropriate. Although the Tenth Circuit has stated that exhaustion of administrative remedies is a jurisdictional prerequisite to suit, *Woodman v. Runyon,* 132 F.3d 1330, 1341 (10th Cir.1997), the court recognized an exception to that rule when defendant claims that plaintiff failed to name it in the EEOC charge. *Romero v. Union Pacific R.R.,* 615 F.2d 1303, 1311 (1980). According to the court, it is within the discretion of the district courts to consider several factors and determine jurisdiction "after each side has had an opportunity to fully address the question." *Id.* at 1312. When a plaintiff faces a motion to dismiss that turns on questions of fact, such as jurisdictional disputes, it is important to provide plaintiff the essential safeguards of summary judgment procedure. *See Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir.1982); *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982); and *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2nd Cir.1976). We therefore examine defendants' arguments under Rule 12(b)(6) and Rule 56, Fed.R.Civ.P.

Defendants ask the Court to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6). In ruling on a motion to dismiss under 12(b)(6), the Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *see also Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The Court must make all reasonable inferences in favor of plaintiff, and the pleadings must be construed liberally. *Id.; see also* Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of her theory of recovery that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

In order to withstand a motion to dismiss, plaintiff must allege that she has exhausted her administrative remedies and received an EEOC right to sue letter. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Martin v. Nannie & The Newborns, Inc.,* 3 F.3d 1410, 1413–14 (10th Cir.1993); and *Spillman v. Carter,* 918 F.Supp. 336, 341 (D.Kan.1996). Plaintiff must also allege that defendants are employers under Title VII and that defendants employed plaintiff. 42 U.S.C. § 2000e(b) & (f); 28 U.S.C. § 623. In this case, plaintiff's complaint is sufficient under these standards, since she alleges that she exhausted administrative remedies and received a right to sue letter. Plaintiff also alleges that defendants are Title VII employers and that she worked for defendants during the relevant period.

*Summary Judgment Standards*

Rule 56(c), Fed.R.Civ.P., directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principle purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by

a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993). Once the moving party meets its burden, the nonmoving party must demonstrate that genuine issues remain for trial. *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir.1993). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics Int'l, Inc. v. First Affiliated Securities Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). The court must view the evidence in the light most favorable to the nonmoving party. *Thrasher v. B & B Chem. Co., Inc.*, 2 F.3d 995, 996 (10th Cir.1993). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### Factual Background

The following facts are uncontroverted or, where controverted, viewed in a light most favorable to plaintiff.

In March 1994, plaintiff began work at Prairie Manor Nursing Home [Prairie Manor], owned by Columbia B Health Centers, Inc. [Columbia]. Tutera Group, Inc. [Tutera] is the sole stockholder of Columbia. Plaintiff was a graduate practical nurse when she began working at Prairie Manor, and she became licensed in June 1994. During her employment at Prairie Manor, plaintiff's immediate supervisor, Charles Shirley, subjected her to sexual harassment on an almost daily basis. Some examples of Shirley's behavior included (1) comments about the sex lives, sexual organs, smell and appearance of plaintiff and other female employees; (2) inappropriate gestures and touching of plaintiff and other female employees, including sexually offensive grabbing and rubbing; (3) yelling "no, I don't have time to suck your pussy" when plaintiff asked him to verify a drug count; (4) yelling at female employees to "put your legs together" so that "shit smell would go away" when the facility experienced a broken sewer line and resulting stench; (5) pulling plaintiff and another female employee into a break room, pulling down his zipper and telling them he wanted the employee to "suck his dick"; (6) offensive comments about plaintiff's and other female employees' weight; and (7) using profane language in front of employees. Other employees and residents heard Shirley's comments and harassment.

The former director of nursing and the shift supervisor complained to Prairie Manor's administrator, yet no action was taken against Shirley. In fact, Shirley was promoted to Director of Nursing shortly after plaintiff began working at Prairie Manor. In late December 1994 or early January 1995, plaintiff and another employee informed the shift supervisor that they would file charges with the EEOC unless something was done about Shirley's behavior. In early January 1995, plaintiff suffered a serious stroke and was hospitalized. On January 13, 1995, Prairie Manor called plaintiff and informed her she was terminated from employment for missing a meeting. The missed meeting was not a mandatory one.

On August 14, 1995, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission [EEOC], naming Charles Shirley and Prairie Manor as respondents. Plaintiff received a right to sue letter on October 29, 1997. Plaintiff asserts that defendants knew or should have known of Shirley's harassing behavior and disregarded plaintiff's rights by failing to remedy the situation. Plaintiff also claims that defendants retaliated against her for complaints about the harassment and that the missed meeting was a pretext to cover the retaliatory termination of plaintiff.

### Summary Judgment Analysis

Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2.

### A. Failure to Exhaust Administrative Remedies

Columbia admits that it was the employer of personnel at Prairie Manor, including plaintiff. Columbia asserts that it was not named as a defendant in plaintiff's EEOC charge, however, and that plaintiff has failed to exhaust her administrative remedies. Plaintiff contends that by all indications Prairie Manor was her employer and was properly named in her EEOC charge; that Columbia could or should have received notice of the EEOC charge; and that discovery is essential for determining the relationship between Columbia and Prairie Manor. Tutera is the sole stockholder of Columbia. Like Columbia, Tutera asserts that it was not named in the EEOC charge and is therefore prejudiced in this action. Plaintiff claims that discovery is warranted to determine whether Tutera has a sufficient identity of interest in Columbia.

■ Compliance with the administrative process is a prerequisite to suit in federal court. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 798 (10th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 342, 139 L.Ed.2d 266 (1997). Omission of a party's name from the EEOC charge, however, "does not automatically mandate dismissal of a subsequent action." *Romero*, 615 F.2d at 1303. Dismissal is not mandated when plaintiff has informally referred to defendant in the charge or when there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* In order to accomplish the purposes of Title VII, complaints to the EEOC should be "liberally construed," since charges are usually written by laymen rather than lawyers. *Id.* at 1311.

■ In addition to other relevant factors, the Court must consider four factors in determining whether plaintiff's failure to name Columbia and Tutera requires dismissal: (1) whether plaintiff through reasonable effort could have ascertained defendants' roles at the time she filed her EEOC charge; (2) whether for purposes of obtaining voluntary conciliation and compliance, defendants' interests are so similar to that of Prairie Manor that it was unnecessary to include them in the EEOC charge; (3) whether defendants were actually prejudiced by their alleged absence from the EEOC proceedings; and (4) whether defendants in some way represented to plaintiff that their relationship with her was through Prairie Manor, the party named in the charge. *Id.* at 1312.

■ After reviewing plaintiff's claims in light of the *Romero* factors, the Court finds that defendants' motions for summary judgment should be overruled. While plaintiff could have named Columbia in her EEOC charges, the Court rejects Columbia's argument that plaintiff "clearly could have and should have known" that Columbia was her employer. Plaintiff has produced evidence that several employment related documents, including paychecks, performance evaluations and letters of reference printed on Prairie Manor letterhead, represented that employees worked for Prairie Manor. Prairie Manor's 1994 W–2 forms indicated "Columbia B d/b/a/ Prairie Manor" as the employer at the nursing home Bonner Springs address. Plaintiff also presents evidence that she had little reason to believe Tutera was her employer. The only employment related document mentioning Tutera is a pay raise form. On this record, plaintiff has sufficiently demonstrated that she had reason to believe that Prairie Manor was the proper defendant in her EEOC charge.

The record also suggests a similarity of interests between Columbia, Tutera and Prairie Manor, for the purposes of agency investigation and conciliation, such that summary judgment is not appropriate. It is unclear that Columbia and Tutera have suffered actual prejudice because they were not named in the EEOC charge. Columbia's and Tutera's joint president, Joseph Tutera, stated in his affidavit that neither Columbia nor Tutera received notice of the EEOC charge until plaintiff filed suit. Without discovery

into the EEOC investigation and conciliation attempts, however, it is unknown whether Columbia and Tutera had actual or constructive notice from 1995 to 1997. Columbia asserts that it could have raised valid defenses, preventing a "cause" determination in the EEOC investigation. Nothing prevents Columbia from now raising any such defenses, however, in response to this suit. Tutera also asserts it could have prevented a "cause" determination because it was not Dunn's employer, a defense it has raised in this action. Furthermore, Tutera and Columbia may be a "single employer" for the purposes of Title VII.

Finally, record evidence about the relationship between Tutera, Columbia and Prairie Manor implicitly suggests that plaintiff's communications should have been through Prairie Manor rather than Columbia or Tutera, e.g., the numerous employment related documents which showed Prairie Manor as the employer or were printed on Prairie Manor letterhead. Defendants have not met their burden of demonstrating that they are entitled to judgment as a matter of law. For these reasons, the Court finds that defendants are not entitled to summary judgment based on plaintiff's failure to name it in her administrative charge, prior to discovery. *Accord Aguirre v. McCaw RCC Communications, Inc.*, 923 F.Supp. 1431, 1434 (D.Kan. 1996); and *Gilmore v. List & Clark Constr. Co.*, 862 F.Supp. 294, 297–98 (D.Kan.1994).

### B. "Employer" Under Title VII

Tutera also asserts that it is not an employer under Title VII. Plaintiff claims that discovery is essential to determine if Columbia and Tutera may be classified as a "single employer" for the purposes of Title VII.

■ Businesses often incorporate to limit liability and isolate liabilities among separate entities. One Way to do this is that shareholders generally are not liable for the acts of the corporation. *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402–03, 80 S.Ct. 441, 4 L.Ed.2d 400 (1960). A strong presumption exists that a parent company is not the employer of its subsidiary's employees, and courts have found otherwise only in limited circumstances. *Johnson v. Flowers Indus.,* *Inc.*, 814 F.2d 978, 980–81 (4th Cir.1987). For the purposes of liability under Title VII, however, separate businesses may be treated as a single employer. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361–62 (10th Cir.1993). Depending on the facts of the particular case, courts have applied four different tests to determine whether a parent corporation is liable for the acts of its subsidiaries: (1) the integrated enterprise test; (2) the agency theory; (3) the alter ego test; and (4) the instrumentality test. *Id.* While Kansas courts most often apply the alter ego test, the Tenth Circuit has declined to adopt an exclusive test for use in all cases. *Id.* at 1362 (applying the integrated enterprise test); *see also Kilpatrick Bros., Inc. v. Poynter*, 205 Kan. 787, 473 P.2d 33 (1970) (Kansas court applying alter ego test).

■ The Tenth Circuit has applied the integrated enterprise test in employment discrimination cases. *See Frank*, 3 F.3d at 1362; *Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir.1996); and *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1089 (10th Cir.1991). Unlike the Tenth Circuit cases, however, the Court's reference to evidence outside the pleadings does not convert defendants' motions under Rule 12(b)(1) to motions under Rule 56, Fed.R.Civ.P. Under the integrated enterprise test, the following four factors are considered: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Evans*, 936 F.2d at 1089. Both parties referenced these factors in their briefs, and the Court applies them in consideration of Tutera's motion.

While Tutera asserts that it has minimal interrelatedness with Columbia and little or no control over Columbia's employees, plaintiff has presented evidence that Tutera and Columbia share the same president and the same offices. Tutera is also the sole stockholder of Columbia. While defendants have not come forward with any pertinent financial information, plaintiff has presented evidence that Columbia is not a fully capitalized subsidiary. Discovery in Title VII actions is especially important. *See e.g., Brown v. Hartshorne Public School District*, 864 F.2d

680, 682 (10th Cir.1988); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir.1982); and *Logan v. General Fireproofing Co.*, 521 F.2d 881, 883 (4th Cir.1971). Because discovery has barely begun, the Court cannot fully evaluate the issue of whether Tutera was plaintiff's employer for the purposes of Title VII liability. It does not appear beyond a doubt that plaintiff can prove no facts in support of her theory of recovery, and thus, the Court finds it is improper to dismiss plaintiff's claims under Title VII at this time. *Accord Gilmore*, 862 F.Supp. at 298; *EEOC v. Alford*, 142 F.R.D. 283, 287 (E.D.Va.1992).

Finally, Tutera points out that it is not an employer under Title VII because it does not have the requisite 15 employees—it has no employees. If the Court finds that Tutera and Columbia are a single employer, however, then Tutera would fit the Title VII definition of employer. For those reasons stated above, the Court overrules defendant's motion to dismiss. As previously noted, the Court's reference to evidence outside the pleadings does not convert defendants' motions under Rule 12(b)(1) to motions under Rule 56, Fed.R.Civ.P. To the extent that defendants expressly seek summary judgment on the jurisdictional issue, the Court finds that material issues of disputed fact preclude such relief at this time.

**IT IS THEREFORE ORDERED** that *Motion To Dismiss And/Or For Summary Judgment Of Defendant Columbia B Health Centers, Inc.* (Doc. # 6) filed April 10, 1998 be and hereby is overruled.

**IT IS FURTHER ORDERED** that *Motion To Dismiss And/Or For Summary Judgment Of Defendant The Tutera Group* (Doc. # 8) filed April 10, 1998 be and hereby is overruled.

**IT IS FURTHER ORDERED** that *Motion For Continuance Pursuant To Fed. R.Civ.P. 56(f) Of Plaintiff* (Doc. # 11) filed May 12, 1998 be and hereby is overruled.

**IT IS FURTHER ORDERED** that *Motion For Continuance Pursuant To Fed.*

*R.Civ.P. 56(f) Of Plaintiff* (Doc. # 12) filed May 12, 1998 be and hereby is overruled.